UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRIAN A. PETRONELLA, et al.  :
    PLAINTIFFS,             :
                            :
v.                            : CIV. NO. 3:02cv01047 (WWE)
                            :
MARTHA ACAS, ET AL.           :
    DEFENDANTS              :

### RECOMMENDED ORDER RE INTERPLEADER ACTION

I. Introduction

    This is an interpleader action filed by the United Food & Commercial Workers Union - Local 371, AFL-CIO ("Local 371"), and the Local 371 president, Brian A. Petronella. The purpose of the action, brought pursuant to 28 U.S.C. §§ 1335, 1397, and 2361, is to resolve competing claims by members of Local 371 who are former employees of Grand Union Company, Inc., and its affiliates to a settlement fund ("Fund") established as part of a separate bankruptcy proceeding. In an order dated October 30, 2003, this court adopted the recommendations of a special master to distribute the Fund [doc #273]. Pursuant to that order, plaintiffs have submitted for the court's approval a proposal to hire an outside accounting firm to disburse the funds.

II. Liability

    As a preliminary matter, plaintiffs brought it to the attention of the court that the October 30, 2003 order did not contain a provision releasing plaintiffs from future liability on

on this matter.

Statutory interpleader actions under 28 U.S.C. § 1335 are normally concluded in two stages. First, the court determines whether the requirements of § 1335 are met and, if so, relieves the plaintiffs/stakeholders from liability. Second, the court adjudicates the adverse claims of the defendant claimants. Bifurcation is not mandatory, however, and the entire action may be disposed of at one time. See generally New York Life Ins. Co. v. Connecticut Development Authority, 700 F.2d 91, 95 (2d Cir. 1983).

In its March 7, 2003 order [doc #89], the court found that there was no question that the action satisfied the requirements of § 1335, but declined to bifurcate the proceedings in order to to resolve a dispute over the distribution of the Fund. These issues were subsequently addressed in the October 30, 2003 order [doc #273]. That order, however, did not expressly release the plaintiff from liability. Accordingly, upon the adoption of this recommended order, plaintiffs are discharged from any further liability in regards to the above referenced Fund.

III.    Engagement of Entity to Distribute Funds

In a letter dated October 15, 2003, plaintiffs proposed to engage Weiser, LLP, a certified public accounting firm to distribute the Fund. Weiser, LLP has served as Local 371's outside accounting firm for 20 years, and is familiar with the books, records, and systems maintained by the Union. Weiser is

prepared to perform the following services in conjunction with distribution of the Fund:

> 1) Acceptance of claims submissions, including assignment of points, and determination of "Banked" employees, as defined;
> 2) Computation of the "Point Value", as defined;
> 3) Computation of the per individual award;
> 4) Disbursement of funds to claimants;
> 5) Preparation of 1099's for each claimant;
> 6) Preparation of bank reconciliations, including the monitoring and follow-up of outstanding checks and other administrative matters;
> 7) Review of computations, 1099's and other work enumerated above.

The firm estimates the distribution to require approximately 110 hours, and quotes a fee of approximately $18,500 for these services. Weiser estimates that distribution will take approximately thirty (30) days to complete once it has received the necessary documents from plaintiffs.

Upon consideration, the court finds that this is a reasonable proposal and approves the engagement of Weiser to distribute settlement funds. The fee shall be deducted from the settlement fund prior to disbursement.

A ruling on plaintiff's motion for attorney's fees and costs is forthcoming. The amount of that award shall also be deducted from the settlement Fund prior to disbursement.

The disbursement of funds shall proceed based upon the information about employees contained in the questionnaires already completed by claimants. As indicated in the October 30, 2003 order, any claimants who have not filled out such

questionnaires will do so with Weiser by a date determined by Weiser.

Plaintiffs shall provide Weiser with the appropriate documentation within ten (10) days of the adoption of this order. Weiser shall distribute the Fund within (forty-five) 45 days thereafter. Plaintiffs should contact the court via telephone for any reasonable requests for extensions of time.

---

Any objections to this recommended order must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object with ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

Dated at Bridgeport this _____ day of November 2003.

_____

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE