```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


BRIAN A. PETRONELLA, et al.   :
        PLAINTIFFS,            :
                               :
v.                             :  CIV. NO. 3:02cv01047 (WWE)
                               :
MARTHA ACAS, ET AL.            :
        DEFENDANTS             :
```

**RULING ON MOTION FOR ATTORNEY'S FEES AND COSTS**

I. INTRODUCTION

This is an interpleader action filed by the United Food & Commercial Workers Union - Local 371, AFL-CIO ("Local 371"), and its president, Brian A. Petronella, to distribute funds obtained as part of a bankruptcy settlement to the former employees of Grand Union Company, Inc., and its affiliates. Pursuant to the court's October 30, 2003 order [doc #273], plaintiffs request $20,175.50 in attorney's fees and $4,102.8 in costs [doc #275].

For the reasons that follow, plaintiff's motion for attorney's fees and costs is **GRANTED**, as modified herein [**doc #275**].


II. ASSESSING REASONABLE ATTORNEY'S FEES

Plaintiffs request $11,230 in attorney's fees and $1,062 in costs for the services of Shapiro, Beilly, Rosenberg, Levy & Fox ("Shapiro Beilly"), and $8,945.50 in attorneys fees and $3,040.80 in costs for the service of Attorney Victor Ferrante, local counsel in this case.

The court has discretion to award attorney's fees and costs to a successful interpleading plaintiff. See Johnson v. Electrolux Corp., 763 F. Supp. 1181, 1189 (D. Conn. 1991). "The court must find that (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." Id. (citing Septembertide Pub., B.V. v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989). As discussed in the court's March 7, 2003 order in this case [doc #89], Local 371 clearly meets the requirements of an interpleading plaintiff.[1]

A district court is afforded broad discretion in assessing a reasonable fee award. See Hensely v. Eckerhart, 461 U.S. 424, 437 (1983); see also Lunday v. City of Albany, 42 F.3d 131, 133-34 (2d Cir. 1994). The plaintiff is entitled to the lodestar amount, which is calculated from the product of a reasonable hourly rate and the number of hours reasonably expended by each attorney. See Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). This amount is "derived by multiplying the number of hours expended by each attorney involved in each type of work on the case by the hourly rate charged for similar work by attorneys of like skill in the area." City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098 (2d Cir. 1977) (Grinnell II). However, "the fee applicant bears the burden of establishing entitlement to an

---

[1] It should be noted that the court's October 30, 2003 order [doc #273] approved the distribution of the settlement fund by an appropriate person or entity in lieu of distribution by the court.

award and documenting the appropriate hours expended and hourly rates." Hensely, 461 U.S. at 437.

1. Reasonable rates

Plaintiffs request an hourly fee of $225 for time spent by Attorney Barry Levy, a partner at Shapiro Beilly, and $175 for the time of Attorney Gina Fonseca, a second year associate at Shapiro Beilly. Plaintiffs indicate that a portion of Ms. Fonseca's time is charged at a paralegal rate for certain tasks. Plaintiffs request $225 per hour for time spent by Attorney Ferrante.

Reasonable fees are to be calculated based on prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 & n.11 (1984). "In order to establish the prevailing rate in the community in which the action arose, one must provide the court with affidavits or other proof of the same." Mr. & Mrs. B. ex rel. W.B. v. Weston Bd. of Educ., 34 F. Supp. 2d 777, 782 (D. Conn., 1999). In a situation where no such documentation is provided, courts have determined reasonable rates based on their own knowledge of such rates. See Smart SMR v. Zoning Comm'n, 9 F. Supp. 2d 143, 149 (S.D.N.Y. 1998); see also Miele v. New York State Teamsters Conference Pension & Retirement Fund, 831 F.2d 407, 409 (2d Cir. 1987). In addition, courts in this Circuit regularly reduce attorney's fees by 50 percent for travel time. Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 2003 U.S. Dist. LEXIS 13980 (S.D.N.Y. 2003); See Wilder v. Bernstein, 975

F. Supp. 276, 283-84 (S.D.N.Y. 1997).

Based upon review of the materials submitted by plaintiffs documenting the skill and experience of Attorney Levy and Attorney Ferrante, the court finds that a rate of $225 for time spent on legal work by Levy and Ferrante is reasonable. The court reduces Attorney Levy's rate by 50% to $113 per hour for the time spent traveling to and from New York for two settlement conferences in Bridgeport, Connecticut on February 2, 2003, and May 30, 2003, which the court estimates at 5 hours.

In their application for attorney's fees and costs, plaintiffs do not provide information or affidavits about the prevailing rates in the local community. Plaintiffs did not provided detailed information about the qualifications of second year associate Fonseca that justify a rate of $175 per hour, which is higher than the prevailing rate in the local community. The court, at its discretion, reduces the rate charged for Fonseca's time to a more reasonable $155 per hour to the extent that it was charged at the $175 rate.

2. Reasonable Hours

"In reviewing a fee application, the district court examines the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case." Luciano v. Olsten Corp., 109 F.3d 111, 116 (2d Cir. 1997) (citation omitted). Unreasonable expenditures of time should be excluded from the lodestar calculation. Id. Counsel may recover

4

fees only for entries that "identify the general subject matter of [their] time expenditures." Hensley, 461 U.S. at 437. The court may use its discretion to reduce the compensable hours due to vague and insufficient billing. Id. at 433. In this Circuit, courts have reduced lodestar figures for entries that do not identify the subject matter of telephone calls or letters. See Smart SMR, 9 F. Supp. 2d at 152-153 (reducing lodestar amount by 30% for billing entries such as "telephone with Bob Nichols," "letter to Mr. Buturla"); see Williams v. New York City Hous. Auth., 975 F. Supp. 317, 327-28 (S.D.N.Y. 1997)(reducing the lodestar figure by 10% for vague and inadequate time entries, such as "call w/samuel," and "ltr to plaintiff").

Further, in the filing of fee applications, "each individual who has billed time on the case must submit an affidavit indicating their training, level of experience, and swearing or affirming that the time contained in the time records attributed to each individual was actually billed in on the case." Mr. & Mrs. B. ex rel. W.B. 34 F. Supp. 2d at 783 (disallowing time billed by persons identified only as "WDL" and "JDL" without supporting documentation).

Upon careful review of time records submitted for Attorney Levy and Attorney Fonseca, the court finds that the hours charged are for the most part sufficiently documented and reasonable. However, the court in its discretion, reduces the compensable hours charged by Attorney Levy by .2 hours for time charged to "review and diary conference notices" on December 31, 2002 and

5

June 6, 2003, and by .1 hours for a phone call to the court for an extension of time on March 18, 2003.

The court reduces the compensable hours of Attorney Ferrante by .5 hours for the preparation of a motion to extend time on September 23, 2003. The court also disallows the time entry by an individual identified only as "ATM" on June 17, 2003 for one (1) hour spent setting up and adjusting a conference call, charged at $85 per hour. Without supporting documentation, the court lacks the ability to assess if this time was reasonably spent or if the rate charged was reasonable. Finally, the court also reduces the compensable hours spent by Attorney Ferrante by 20% for a "analysis and letter to Judge Fitzsimmons", on June 4, 2003 from 5.5 to 4.4 for failing to identify the specific subject matter of this analysis and letter.

### 3. Recalculation of lodestar figure

Accordingly, the court recalculates the lodestar figures as follows:

**Shapiro Beilly**                                                           $11,230.00

| | | | |
|---|---|---|---|
| Gail Fonseca | | 15.5 hours @ $175 = $2,712.50 | |
| | - | 15.5 hours @ $155 = $2.402.50 | |
| | | = $310.00 | -$310.00 |
| Levy travel | | 5 hours @ $225/hour = $1125.00 | |
| | - | 5 hours @ $113/hour = $ 565.00 | |
| | | = $560.00 | -$560.00 |
| Levy tasks | | .3 hours @ $225/hour | -$67.50 |

**Total**                                                                = $10,292.50

| | | |
|---|---|---|
| **Victor Ferrante** | | $8,945.50 |
| Motion to extend time | .5 hours @ $225/hour | -$112.50 |
| Time charged for ATM | 1 hour @ $85/hour | -$85.00 |
| Analysis and letter | 1.1 hour @ 225/hour | -$247.50 |
| **Total** | | = $8,500.50 |

Accordingly, the court awards $10,292.50 to Shapiro Beilly and $8,500.50 to Victor Ferrante in attorneys' fees.

### 4. Costs

The court finds the request for costs reasonable, and awards $1,062.54 to Shapiro Beilly, and $3,040.80 to Victor Ferrante.

## III. Conclusion

For the reasons stated above, the plaintiff's motion for attorney's fees and costs **[Doc. #275]** is **GRANTED** in the amount of $10,292.50 in attorneys' fees and $1,062.54 in costs to Shapiro Beilly, and $8,500.50 in attorney's fees and $3,040.80 in costs to Victor Ferrante, payable from the settlement fund.

This is not a recommended ruling. This is a ruling on attorneys' fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

Dated at Bridgeport this _____ day of November 2003.

_____

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE